No. 86-288

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

_____

MICHAEL N. SEVALSTAD,

        Plaintiff,

   -vs-

JOHN GLAUS,

        Defendant, Third-Party Plaintiff
        and Appellant,

   -vs-

LESTER NEIFERT,

        Third-party Defendant and Respondent.

_____

APPEAL FROM:  The District Court of the Ninth Judicial District,
             In and for the County of Toole,
             The Honorable R.D. McPhillips, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Crowley, Haughey, Hanson, Toole & Dietrich; Donald
        L. Harris, Billings, Montana

    For Respondent:

        Jardine, Stephenson, Blewett & Weaver; William D.
        Jacobsen, Great Falls, Montana

_____

Submitted on Briefs: Dec. 11, 1986

Decided:   May 26, 1987

MAY 2 1987

Filed:

_____
               Clerk

Mr. Chief Justice J. A. Turnage delivered the Opinion of the Court.

John Glaus appeals an order from the Ninth Judicial District, Toole County, granting respondent Lester Neifert's motion for summary judgment. We affirm.

Two issues are presented for our review:

1. Did the District Court err when it granted Neifert's motion for summary judgment?

2. Does State ex rel. Deere v. District Court (Mont. 1986), 730 P.2d 396, 43 St.Rep. 2270, require that summary judgment be affirmed?

Michael N. Sevalstad was injured on October 7, 1983, when his 1978 Chevrolet Suburban, in which he was a passenger, was involved in an automobile roll-over on Interstate 15, approximately ten miles south of Shelby, Montana. Sevalstad was riding with John Simonich and the appellant and driver, John Glaus. The three men were traveling to Sunburst, Montana, from Butte, in anticipation of goose hunting on October 8, 1983. Glaus stated, during deposition, that he had consumed at least eight beers preceding the incident. Glaus also stated Sevalstad fell asleep approximately one hour before the accident. Additionally, Glaus testified that Sevalstad's vehicle was heavily loaded, its headlights were shining upward, rather than illuminating the highway. At the time of the accident, Glaus was driving between sixty and sixty-five miles per hour.

On October 7, 1983, respondent Neifert was also traveling north on Interstate 15. Neifert testified that at approximately 11:00 p.m., he hit a "rather large deer" which ran in front of his vehicle. Neifert was approximately two miles south of the Marias River or nine miles from Shelby when, ". . . a deer just flat out [ran] right in front of me, and I hit the deer, and I hit him on the driver's side corner

and he flew back somewhere, and I just went on and stopped and got out, and I went back to look for the deer and didn't find him." Neifert stated he was driving fifty-five miles per hour at the time of the accident.

After striking the deer, Neifert stopped, turned on his flashing lights, and searched the area behind his truck for approximately ten minutes. Although he found a piece of his truck's grill, Neifert did not find a deer on the Interstate. Neifert returned to his pickup and observed that his radiator was leaking badly. While he assessed the damaged vehicle, Neifert noticed a vehicle approaching from the south. Respondent stated the vehicle moved into the left lane and passed the accident scene. Although Neifert testified he watched the highway illuminated by the oncoming vehicle's lights, he did not observe an obstruction on the interstate. Neifert proceeded to Shelby to repair his vehicle and to contact the Montana Highway Patrol.

A patrolman was dispatched from Conrad to investigate Neifert's accident. While en route on Interstate 15, the patrolman found appellant Glaus's overturned vehicle approximately ten miles south of Shelby. Glaus testified that as he drove toward the Marias River he came upon a deer carcass lying near the centerline of the northbound lane. Glaus stated he did not see the carcass until it was "twenty to thirty feet away." Glaus then turned sharply to the right, back to the left, and finally back to the right. The vehicle overturned in the right ditch and Sevalstad was seriously injured. Sevalstad claims Glaus's negligence caused his injuries.

Following the October 7, 1983, accident, Glaus was charged with driving while under the influence. Glaus pleaded guilty to careless driving in violation of § 61-8-302, MCA.

3

Sevalstad brought a complaint for negligence against Glaus and Neifert on January 3, 1985. Glaus subsequently filed a cross-claim for contribution against Neifert. On October 21, 1985, Sevalstad dismissed with prejudice his complaint against Neifert. Neifert then moved for summary judgment with respect to Glaus's cross-claim. The District Court granted Neifert's motion for summary judgment.

Following a jury trial in February 1986, the jury found that Glaus acted negligently and was the proximate cause of Sevalstad's injuries. Sevalstad was awarded damages of $325,000. Glaus now appeals the District Court's order granting summary judgment to respondent Neifert.

Two issues are presented for our review.

## Issue 1

Did the District Court err when it granted respondent Neifert's motion for summary judgment?

The standard that an appellate court applies in reviewing a grant or denial of a motion for summary judgment is the same as that utilized by the District Court. Kronen v. Richter (Mont. 1984), 683 P.2d 1315, 1317, 41 St.Rep. 1312. The standard of review is whether the District Court properly held there is no genuine issue of material fact and therefore the moving party is entitled to judgment as a matter of law. Rule 56(c), M.R.Civ.P.

The party moving for summary judgment has the burden of showing the absence of any genuine issue of material fact, which applicable principles of law entitle him to judgment as a matter of law. Rennick v. Hoover (1980), 186 Mont. 167, 606 P.2d 1079, 1080-1081. The moving party must make a showing that excludes any real doubt as to the existence of any genuine issue of material fact. Harland v. Anderson (1976), 169 Mont. 447, 548 P.2d 613, 615.

4

In the case at bar, respondent Neifert, by deposition, testified he was the sole witness to the deer-automobile accident. Neifert stated the deer darted in front of his vehicle, at night on Interstate 15, and the two collided. Neifert stopped and searched the roadway behind his vehicle. After finding a piece from his vehicle grill, Neifert then walked another fifty feet past the point of impact searching for the deer carcass.

Neifert retreated to his vehicle and attempted to "flag down" or stop a passing motorist. Neifert testified the oncoming automobile headlights did not reveal a deer carcass on the interstate. Further, Neifert testified the oncoming vehicle traveled safely past the accident scene.

Neifert, upon realizing that his radiator was leaking badly, left the accident scene and proceeded to Shelby. Neifert then contacted the highway patrol and advised the patrol of his accident.

Respondent Neifert, the movant, made a showing that there is no genuine issue of material fact. Neifert was the sole witness to the accident. Circumstantial evidence supports Neifert's testimony. Appellant Glaus does not question Neifert's version of the facts. However, Glaus contends that Neifert should have searched more vigorously. Glaus also contends Neifert should have searched with different means, with his vehicle lights or his dog, to locate the deer carcass. Secondly, appellant Glaus contends Neifert's foot search was cursory and that he should have remained at the accident scene, notwithstanding his vehicle's leaking radiator.

Once the moving party has established that no genuine issue of material fact exists, the burden shifts to the opposing party to raise an issue of fact. Krone v. McCann (1982), 196 Mont. 260, 638 P.2d 397, 399. "The opposing

party's facts must be material and of a substantial nature, not fanciful, frivolous, gauzy or merely suspicious." Westlake v. Osborne (Mont. 1986), 713 P.2d 548, 550, 43 St.Rep. 200, citing Silloway v. Jorgenson (1965), 146 Mont. 307, 310, 406 P.2d 167. Implications based on appellant's allegations are not enough to sustain a motion for summary judgment. Cheyenne Western Bank v. Young (1978), 179 Mont. 492, 587 P.2d 401, 404.

We hold that appellant Glaus failed to raise a genuine issue of material fact. Secondly, we hold the District Court properly found that respondent Neifert did not breach a legal duty owed to appellant Glaus. "[A]ctionable negligence arises only from the breach of a legal duty. [Citing cases.] Therefore, in order for there to be a genuine issue of a material fact in a negligence case, there must be a duty imposed upon the defendant and allegations, if proven, that would support a finding of a breach of the duty." Rennick v. Hoover (1980), 186 Mont. 167, 606 P.2d 1079, 1081. Respondent Neifert did not breach a legal duty owed to appellant Glaus.

Issue 2

Does State ex rel. Deere v. District Court (Mont. 1986), 730 P.2d 396, 43 St.Rep. 2270, require that summary judgment be affirmed?

Sevalstad originally filed his complaint against appellant Glaus and respondent Neifert. Subsequently, Glaus brought a cross-claim against Neifert for contribution. Sevalstad then dismissed, with prejudice, his complaint against Neifert. In doing so, Sevalstad relinquished his right to recover from Neifert. Rule 41(a), M.R.Civ.P.

Respondent Neifert contends that _Deere_ is controlling and requires that summary judgment be affirmed. Neifert contends that when Sevalstad dismissed, with prejudice, his complaint against Neifert, Glaus's cross-claim against Neifert became moot.

Prior to _Deere_, we held that where concurrent tortfeasors are affirmatively negligent, there was no right of contribution or indemnity from one to the other for damages recovered by a plaintiff, except as may be allowed in comparative negligence cases under § 27-1-703, MCA. See, Consolidated Freightways Corp. v. Osier (1979), 185 Mont. 439, 605 P.2d 107; Panasuck v. Seaton (D. Mont. 1965), 277 F.Supp. 979.

In _Deere_ we held that "a joint tortfeasor who settles with the claimant before judgment on the claim is entered in a district court is not subject to claims for contribution or indemnity from the nonsettling joint tortfeasors against whom judgment may be rendered." _Deere_, 730 P.2d 396, 402, 43 St.Rep. 2270, 2277. _Deere_ is controlling, notwithstanding § 27-1-703, MCA, which gives a joint tortfeasor the right to bring in other tortfeasors in order to insure contribution.

Accordingly, Glaus has no right of contribution against Neifert, since Neifert was dismissed with prejudice from the action brought by Sevalstad.

Affirmed.

_Chief Justice_

7

We concur:

_John Conway Harrison_

_[signature]_

_John C. Sheehy_

_L.C. Gulbrandson_

_William E. Hunt Sr._
Justices

8