No. 87-556

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

_____

GYPSY-HIGHVIEW GATHERING SYSTEM,
INC., a Montana corporation,

        Defendant and Appellant,

   -vs-,

THE MONTANA DEPARTMENT OF STATE LANDS,

        Plaintiff and Respondent.

_____

APPEAL FROM:  District Court of the Ninth Judicial District,
              In and for the County of Teton,
              The Honorable John M. McCarvel, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Selden S. Frisbee, Cut Bank Montana

    For Respondent:

        Tommy H. Butler, Helena, Montana

_____

Submitted on Briefs:  March 3, 1988

Decided:  April 6, 1988

Filed: APR 6 - 1988

_____
                    Clerk

Justice John Conway Harrison delivered the Opinion of the Court.

Gypsy-Highview Gathering System, Inc. (hereafter Gypsy-Highview) appeals the granting of summary judgment to the Department of State Lands (hereafter department), which forces Gypsy-Highview to relinquish State of Montana oil and gas lease number 17,092-75 located in Teton County, Montana. Gypsy-Highview claims the summary judgment of the Ninth Judicial District Court is void since it contains no findings of fact or conclusions of law and also claims only the Board of Land Commissioners, not the department, can cancel the lease. We affirm.

Gypsy-Highview was the assignee of an oil and gas lease on school trust land in Teton County entered into December 2, 1975. The term of the lease was for ten years and as long after that as the lease produced commercial quantities of oil and gas. Commercial quantities were never produced from the lease, although some 100 gallons were produced while testing a well during the primary term of the lease. Gypsy-Highview has never paid any royalties on the lease. The department notified Gypsy-Highview on November 18, 1986 that its lease was terminated and that it had ten days under A.R.M. 26.3.214 to request a hearing on the termination. No such request was made until December 4, 1986, which the department denied as not being timely.

The department sued on February 17, 1987 seeking a recordable instrument from Gypsy-Highview surrendering the lease. The department requested a summary judgment under Rule 56(c), M.R.Civ.P., while Gypsy-Highview moved to dismiss under Rule 12(b), M.R.Civ.P. The District Court heard arguments on October 16, 1987 and granted summary judgment to the department on October 21. The court ordered

Gypsy-Highview to furnish a recordable instrument surrendering the lease and to inform the department of its selection of an appraiser in connection with the appraisal of the pipe and equipment.

Gypsy-Highview argues first that the court's summary judgment is improper since it provides no findings of fact or conclusions of law. Rule 52(a), M.R.Civ.P., however, specifically states that findings and conclusions are unnecessary in Rule 56 motions as long as the court's order ". . . specif[ies] the grounds therefor with sufficient particularity as to apprise . . . the appellate court of [its] rationale . . . " Recent decisions echo the principle that findings and conclusions are not required for Rule 56(c) summary judgment. See, Simmons v. Jenkins (Mont. 1988), ____ P.2d ____, 45 St.Rep. 328, 334; Lewis v. Department of Revenue (1984), 207 Mont. 361, 375, 675 P.2d 107, 114; Downs v. Smyk (1979), 185 Mont, 16, 19, 604 P.2d 307, 309.

As mentioned above, the absence of genuine questions of material fact and the determination of whether the moving party is entitled to judgment is the appropriate standard of review. Sevalstad v. Glaus (Mont. 1987), 737 P.2d 1147, 1148, 44 St.Rep. 930, 932. The department meets that burden by showing that the lease had never produced commercial quantities of oil and gas, that Gypsy-Highview personnel could point to no more than 100 gallons of production from the lease, and that the lease agreement provides that it shall end after ten years if no commercial quantities were being produced. The lease terms speak for themselves and under them no question of fact is presented and the department is entitled to a surrender of the lease.

Gypsy-Highview's other argument is that its lease was not cancelled properly since the department notified Gypsy-Highview of the cancellation. Gypsy-Highview claims

3

that the terms of the lease provide only the Board of Land Commissioners with the authority to terminate the lease. Paragraph 19 of the lease reads:

> It is understood and agreed that the lessor [State of Montana] hereby reserves the right to declare this lease forfeited and to cancel the same through the State Board of Land Commissioners upon failure of the lessee to fully discharge all the obligations provided herein, after written notice from said Board . . .

Section 77-1-301, MCA, however, empowers the department to lease and manage state lands as directed by the Board of Land Commissioners. The Board has delegated such duties to the Commissioner of State Lands and the department, subject only to review by the Board. In this case, the Board reviewed the matter but never overrode the department's action.

In Jeppeson v. Department of State Lands (1983), 205 Mont. 282, 667 P.2d 428, this Court upheld summary judgment for the department when it, not the Board of Land Commissioners, gave notice to the lessee of grazing land that his lease had expired due to his failure to make timely rent payments. Summary judgment was held to be proper since the lease was cancelled by operation of law when the rent was unpaid, not by the actions of the department. Jeppeson, 667 P.2d at 430. The same is true in this case--the lease expired because of Gypsy-Highview's failure to produce commercial quantities of oil and gas during the primary term, not because of the department's actions. Since the lands granted to the state by the federal government for the support of public schools constitute a trust, the department has a fiduciary duty to manage them for the state's utmost advantage. Jeppeson, 667 P.2d at 431. The uncontroverted evidence shows that the department in this case cancelled a

4

lease because of lack of production of oil and gas.  It does not appear that the court erred by granting summary judgment.

Affirmed.

_____
Justice

We concur:

_____

_____

_____

_____
Justices