No. 88-485

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

JONATHAN B. SPRINKLE,
      Plaintiff,

   -vs-

BURLINGTON NORTHERN RAILROAD
COMPANY,
      Defendant and Third
      Party-Plaintiff,

   -vs-

THE TIRE GUYS, d/b/a TIRE-RAMA,
      Third-Party Defendant.

ORIGINAL PROCEEDING:

COUNSEL OF RECORD:

     For Plaintiff:
         Charles C. Dearden argued; Murphy, Robinson, Heckathorn
         & Phillips, Kalispell, Montana

     For Defendant:
         Gary M. Zadick argued; Ugrin, Alexander, Zadick & Slovak,
         Great Falls, Montana

     For Amicus Curiae:
         Poore, Roth & Robinson; Brendon J. Rohan argued for
         Glen Rehbein Excavating, Butte, Montana
         Gough, Shanahan, Johnson & Waterman; Ronald Waterman
         argued for Kraus Construction & Riverside Construction,
         Helena, Montana

Submitted:    February 7, 1989

Decided:      March 7, 1989

Clerk

FILED
Filed:
'89 MAR 7 AM 10 14
ED S... CLERK
MONTANA SUPREME COURT

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Honorable Jack D. Shanstrom, United States Magistrate, United States District Court for the District of Montana has certified for our decision under Rule 44, Montana Rules of Appellate Procedure, a question of law as follows:

> Plaintiff commences a negligence action against defendant # 1. Defendant # 1 in turn joins defendant # 2 seeking contribution. Prior to trial, defendant # 1 settles with the plaintiff in return for a general release of all claims, including claims against defendant number 2. Can defendant # 1 continue its action for contribution against defendant # 2 under Montana law?

In connection with the certified question, agreed facts, stipulated to by the parties and approved by the Magistrate have been submitted. They are as follows:

> Plaintiff, Johnathan B. Sprinkle, was injured while in the course and scope of his employment with the defendant, Burlington Northern Railroad Company (BN). He commenced this action against BN pursuant to the Federal Employers' Liability Act (FELA) 45 U.S.C. §§ 51, et seq., alleging negligence on the part of BN. BN subsequently joined Tire Guys, d/b/a Tire-Rama, as a third party defendant alleging negligence and seeking contribution pursuant to § 27-1-703, MCA.
>
> Before trial, BN settled with Sprinkle and received a general release of all claims, including claims, if any, against Tire Guys. BN is pursuing its claim for contribution against Tire Guys. Tire Guys has moved for summary judgment contending that BN no longer has a cause of action against it.

We determine in this case that under Montana law as it existed and is pertinent to these facts, BN has no right of contribution against Tire Guys. The answer to the certified question therefor is, "no."

All parties agree, including amici curiae, that there was no right of contribution between joint tortfeasors at common law, and that in Montana, a right to contribution, if any exists, must be found in statutory law. Consolidated Freightways Corporation of Delaware v. Osier (1979), 185 Mont. 439, 605 P.2d 1076. We are required then to examine the provisions of § 27-1-703, MCA, as it existed at the time here pertinent to determine if statutory law provides such right of contribution to BN:

> Section 27-1-703. _Multiple defendants jointly and severally liable--right of contribution._
> (1) Whenever the negligence of any party in any action is an issue, _each party against whom recovery may be allowed_ is jointly and severally liable for the amount that may be awarded to the claimant but has the right of contribution from any other person whose negligence may have contributed as a proximate cause to the injury complained of.
>
> (2) On motion of any party against whom a claim is asserted for negligence resulting in death or injury to person or property, any other person whose negligence may have contributed as a proximate cause to the injury complained of may be joined as an additional party to the action. Whenever more than one person is found to have contributed as a proximate cause to the injury complained of, the trier of fact shall apportion the degree of fault among such persons. _Contribution shall be proportional to the negligence of the parties against whom recovery is allowed._ Nothing contained in this section shall make any party indispensable pursuant to Rule 19, M.R.Civ.P.
>
> (3) If for any reason all or part of the contribution from a party liable for contribution cannot be obtained, each of the other parties against whom recovery is allowed is liable to contribute a proportional part of the unpaid portion of the noncontributing party's share and may obtain judgment in a pending or subsequent action for contribution from the noncontributing party. (Emphasis added.)

- 3 -

The foregoing statute was interpreted by us in State ex rel. Deere and Company v. District Court (1986), ___ Mont. ___, 730 P.2d 396. In Deere the plaintiff Robert Campbell was injured when a bulldozer manufactured by Deere unexpectedly moved backward and struck Campbell. At the time of the accident, the Deere tractor was being operated by Jim Lott, an employee of Wade's Backhoe Service. Campbell initially sued both Deere and Wade's Backhoe. Before Campbell's complaint was served upon Wade's Backhoe, Deere settled with Campbell for $25,000. Campbell signed a release of all claims against Deere and agreed in the release to indemnify Deere for any amount it might thereafter be required to pay as a joint tortfeasor. Campbell reserved in the release his right to pursue an action against Wade's Backhoe. Campbell then proceeded forward with his negligence action against Wade's Backhoe.

Wade's Backhoe filed a third party complaint against Deere seeking indemnity and contribution. Subsequently Deere filed a motion for summary judgment relying on the release signed by Campbell. The District Court denied Deere's motion for summary judgment. Deere then sought and was granted a writ of supervisory control before this Court.

In resolving the contribution issue in favor of Deere we explained as follows:

> In Montana, there is but one statute on the subject, the amended § 27-1-703, MCA, and from it we determine that a joint tortfeasor who settles with a claimant before judgment on the claim is entered in a district court is not subject to claims for contribution or indemnity from the nonsettling joint tortfeasors against whom judgment may be rendered. Even though the amended section does give a sued joint tortfeasor the right to bring in other joint tortfeasors as defendants in order to insure contribution, and even though the section states that the trier of fact is to determine the degree of negligence among each of

the joint tortfeasors, <u>the right of contribution under the amended statute is "proportional to the negligence of the parties against whom recovery is allowed."</u> Clearly that statutory language excludes a party against whom recovery is not allowed, e.g., a tortfeasor who has previously settled.

Consequently, under amended § 27-1-703, there is no right of contribution under Montana law in favor of a joint tortfeasor or tortfeasors against whom judgment for the plaintiff is entered from other joint tortfeasors who have settled with the plaintiff prior to judgment. (Emphasis added.)

730 P.2d at 402.

In <u>Deere</u>, the nonsettling joint tortfeasor, against whom the tort action remained, sought contribution from a settling tortfeasor before entry of judgment. (In using the term "joint tortfeasor" we intend to include the term "concurrent tortfeasor"). In this case the settling tortfeasor has taken a full release from the plaintiff which completely settles plaintiff's claim against all tortfeasors, but seeks contribution for the settlement before judgment from the nonsettling tortfeasor. Regardless of the change in positions here as between the joint tortfeasors, the principle announced in <u>Deere</u> remains the same. The plaintiff's case has ended and the nonsettling tortfeasor is not one "against whom recovery is allowed." As we said in <u>Deere</u>, supra, that statutory language excludes from any duty of contribution a party against whom recovery is not allowed.

We have been consistent in following the principle set out in <u>Deere</u>. In North v. Bunday (1987), ___ Mont. ___, 735 P.2d 270, we held that our comparative negligence statute applies only to "those defendants who remain in the lawsuit, and not other possible tortfeasors who may have settled with the plaintiff before judgment was entered in the lawsuit." 735 P.2d at 275. In Kuhnke v. Fisher (1987), ___ Mont. ___,

- 5 -

740 P.2d 625 relying on Deere, we said that under the contribution statute "[t]he general rule is that a settling party does not fall under 'parties against whom recovery is allowed,' as once a party settles with a plaintiff, he is no longer required to contribute." 740 P.2d at 629.

In Sevalstad v. Glaus (1987), ___ Mont. ___, 737 P.2d 1147; we said:

> In Deere, we held that "a joint tortfeasor who settles with a claimant before judgment on the claim is entered in a district court is not subject to claims for contribution or indemnity from the nonsettling joint tortfeasors against whom judgment may be rendered. (Citations omitted.)
> Deere is controlling, not withstanding § 27-1-703, MCA, which gives a joint tortfeasor the right to bring in other tortfeasors in order to insure contribution.
>
> Accordingly, Glaus has no right of contribution against Neifert, since Neifert was dismissed with prejudice from the action brought by Sevalstad.

737 P.2d at 1150.

BN contends that the legislature, in adopting § 27-1-703, MCA, intended to provide a right of contribution that would be consonant with the Uniform Contribution Among Tortfeasors Act (UCATA), although Montana has never adopted that act. The provisions of UCATA are not helpful however to BN. For one thing § 2(a) of UCATA provides that the "relative degrees of fault cannot be considered." In other words, under UCATA, the fault of the respective defendants is not compared, but the right of contribution is based upon per capita rather than pro rata fault. UCATA was first proposed before the general adoption by the several states of comparative negligence law in tort cases. As a result those states that adopted UCATA have had to amend their statutes to account for the problems that arise out of comparative

negligence. The usual result is that the states have abandoned UCATA as having no effect when comparative negligence is the rule. See, e.g., Bartlett v. New Mexico Welding Supply Inc. (N.M.Ct.App.1982), 98 N.M. 152, 646 P.2d 579; cert.den. 98 N.W. 336, 648 P.2d 794 (1982). For that reason, BN's reliance upon Coniaris v. Vail Associates, Inc. (Colo. 1978), 586 P.2d 224 is not instructive because it is based on Colorado's UCATA. Kennedy v. City of Sawyer (Kan. 1980), 618 P.2d 788 is also not pertinent, because it relates to an action for implied indemnity. Unlike contribution the rights to indemnity in Montana are set out in our statutes. Section 28-11-301 et seq. MCA.

We therefore hold that since, under the facts submitted, a recovery by the plaintiff against Tire Guys is not possible, a right of contribution for BN under § 27-1-703, MCA, does not exist. We therefore answer the certified question "No."

_John C. Sheehy_
Justice

We Concur:

_J. A. Turnage_
Chief Justice

_John Conway Harrison_

_L. C. Gulbrandson_

_William E. Hunt Sr_

_R. C. McDonough_

_Fred J. Weber_
Justices

- 7 -