No. 95-093

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

DAVID C. HOLMBERG and KAROL M. HOLMBERG,

    Plaintiffs,

  v.

RICHARD A. STRONG, STRONG'S CRANE SERVICE, INC.,
RICHARD E. LUTTON and CROWN PARTS AND MACHINE, INC.,

    Defendants,

RICHARD E. LUTTON and CROWN PARTS AND MACHINE, INC.,

    Cross-claimants & Appellants,

  v.

RICHARD A. STRONG and STRONG'S CRANE SERVICE, INC.,

    Cross-Defendants & Respondents.

FILED

AUG 03 1995

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA


APPEAL FROM:   District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Russell K. Fillner, Judge presiding.


COUNSEL OF RECORD:

    For Appellants:

        James L. Jones, Dorsey & Whitney,
        Billings, Montana

    For Respondents:

        Michael W. Tolstedt, Brown, Gerbase, Cebull,
        Fulton, Harman & Ross, Billings, Montana


Submitted on Briefs:  June 8, 1995

Decided:  August 3, 1995

Filed:

Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

The plaintiffs, David C. Holmberg and Karol M. Holmberg, filed a complaint in the District Court for the Thirteenth Judicial District in Yellowstone County against the defendants, Richard A. Strong, Strong's Crane Service, Inc., Richard E. Lutton, and Crown Parts and Machine, Inc., in which they alleged that the defendants' negligently injured David and that they were jointly and severally liable for the couple's damages. Richard E. Lutton and Crown Parts and Machine, Inc. (referred to collectively as Crown Parts), cross-claimed against Richard A. Strong and Strong's Crane Service, Inc. (referred to collectively as Strong's), for contribution. The District Court granted Strong's motion for summary judgment and held that Strong's was not liable to Crown Parts for contribution. Crown Parts appeals from the District Court's judgment and order. We affirm the District Court.

The issue on appeal is:

Did the District Court err when it granted Strong's motion for summary judgment?

### FACTUAL BACKGROUND

On August 13, 1991, David Holmberg was driving his vehicle west on Highway 87 when he stopped his vehicle in order to make a left hand turn. Before he turned, David was hit from behind by a truck driven by defendant Richard E. Lutton and owned by defendant Crown Parts. Prior to the collision, Richard A. Strong was driving a crane owned by Strong's in an easterly direction, and while

2

turning right off Highway 87, allegedly caused the boom of the crane to encroach into the westbound lane, distracting Lutton and contributing to the accident.

On February 10, 1994, Holmbergs filed a complaint against Richard A. Strong, Strong's Crane Service, Inc., Richard E. Lutton, and Crown Parts and Machine, Inc. Their complaint alleged that the defendants negligently caused David's injuries and were jointly and severally liable. On February 28, 1994, Crown Parts filed its answer and a cross-claim against Strong's for contribution. On March 4, 1994, Holmbergs and Crown Parts filed a joint motion for the District Court's approval of their settlement agreement, dismissal of Holmbergs' complaint, and permission for Crown Parts to proceed with its cross-claim. On March 17, 1994, Holmbergs signed a settlement agreement with Crown Parts. That same day the District Court approved the settlement and dismissed with prejudice Holmbergs' complaint against all defendants, but allowed Crown Parts to proceed with its cross-claim.

In October 1994, Strong's moved for dismissal of Crown Parts' claim by summary judgment. In December 1994, the District Court granted Strong's motion and held that because Holmbergs had released all tort-feasors from liability, Strong's and Richard Strong are not parties against whom recovery is allowed pursuant to § 27-1-703, MCA, and *Sprinkle v. Burlington Northern* (1989), 236 Mont. 383, 769 P.2d 1261. Therefore, the court held that Crown Parts had no right of contribution against Strong's or Richard Strong.

3

DISCUSSION

Did the District Court err when it granted Strong's motion for summary judgment?

Our inquiry on review of an order granting summary judgment is identical to that of the district court. *Spain-Morrow Ranch, Inc. v. West* (1994), 264 Mont. 441, 444, 872 P.2d 330, 331. Summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Rule 56(c), M.R.Civ.P.; *Spain-Morrow*, 872 P.2d at 331-32.

Crown Parts requests that we reverse the District Court's judgment and, in so doing, expressly overrule *Sprinkle*. We decline to do so.

Montana has altered the common law and recognizes a statutory right to contribution. Section 27-1-703, MCA. In Senate Bill 212, the Fifty-Fourth Montana Legislature amended § 27-1-703, MCA, so that it now provides in relevant part:

> (1) Except as provided in subsections (2) and (3), whenever the negligence of a party in any action is an issue, each party against whom recovery may be allowed is jointly and severally liable for the amount that may be awarded to the claimant but has the right of contribution from any other person whose negligence may have contributed as a proximate cause to the injury complained of.
>
> . . . .
>
> (4) On motion of any party against whom a claim is asserted for negligence resulting in death or injury to person or property, any other person whose negligence may have contributed as a proximate cause to the injury complained of may be joined as an additional party to the action. For purposes of determining the percentage of liability attributable to each party whose action contributed to the injury complained of, the trier of

4

[#] 2.  Can defendant # 1 continue its action for contribution against defendant # 2 under Montana law?

*Sprinkle*, 769 P.2d at 1261.  The certified question in *Sprinkle* is identical to the issue on appeal in this case.

Relying on principles set forth in *Deere*, we held that:

Regardless of the change in positions here as between the joint tortfeasors, the principle announced in *Deere* remains the same.  The plaintiff's case has ended and the nonsettling tortfeasor is not one "against whom recovery is allowed."  As we said in *Deere*, supra, that statutory language excludes from any duty of contribution a party against whom recovery is not allowed.

*Sprinkle*, 769 P.2d at 1263.

In this case, Holmbergs filed their complaint and named Crown Parts, as well as Strong's.  Crown Parts filed its claim for contribution from Strong's.  Crown Parts and the Holmbergs jointly sought the District Court's order which approved their settlement and dismissed Holmbergs' complaint against "all Defendants . . . with prejudice."  Although the settlement agreement did not include Strong's as a releasee, the recitals indicate that Holmbergs agreed to "settle and dismiss all claims they have or may have as against all parties who caused their injuries," indicating that Holmbergs intended to release Strong's.

The fact that Holmbergs initially named all defendants in their complaint does not distinguish this case from *Sprinkle*.  As in *Sprinkle*, Crown Parts obtained a general release of all claims, including claims against Strong's.  Crown Parts sought contribution from Strong's and Strong's moved for summary judgment.  Recognizing

7

that *Sprinkle* was nearly identical to this case, the District Court granted Strong's motion.

Crown Parts urges that we reverse *Sprinkle* because it is contrary to the plain statutory language of § 27-1-703, MCA, legislative intent, public policy encouraging settlement, and language from this Court's recent opinion in *Linder v. Missoula County* (1992), 251 Mont. 292, 824 P.2d 1004. Crown Parts also relies on cases from other jurisdictions and the Uniform Contribution Among Tortfeasor's Act (UCATA).

We disagree with Crown Parts' reliance on cases from other jurisdictions because each case is based on a state statute with statutory language that differs from § 27-1-703, MCA, and because *Sprinkle* already applied the relevant language of Montana's contribution statute in the present context, based on the plain language of the statute. We also disagree with Crown Parts' reliance on the UCATA because Montana has not adopted the UCATA. As we recognized in *Sprinkle*, reliance on the UCATA has created difficulty in jurisdictions which have adopted comparative negligence. Therefore, in *Sprinkle*, 769 P.2d at 1263-64, we declined BN's suggestion that we follow the UCATA.

Neither is Crown Parts' argument based on *Linder* persuasive. The plaintiff in *Linder* contracted tuberculosis and filed a negligence claim against Missoula County, alleging that the County did not adequately monitor a tubercular who moved to Missoula

8

County. Missoula County filed a third-party claim against the State of Montana in which it sought contribution. *Linder*, 824 P.2d at 1005. The State moved for summary judgment on the basis that the relevant statute of limitations precluded the plaintiff from suing the State. Therefore, the State argued, it was "a party against whom recovery is not allowed," pursuant to § 27-1-703, MCA. *Linder*, 824 P.2d at 1007.

We rejected the State's position and noted that although both *Linder* and *Deere* involved a plaintiff and two potential defendants, the

> similarity ends [t]here . . . . In the instant case, the plaintiffs settled with neither party; this is a stark difference from the facts of *Deere*. Clearly, this difference makes the case at bar distinguishable from *Deere* and the cases that follow it. (See *Sprinkle v. B.N. Railroad* (1989), 236 Mont. 383, 769 P.2d 1261).

*Linder*, 824 P.2d at 1007. Therefore, we concluded that the situation in *Linder* did not fall within the statutory language of § 27-1-703, MCA.

We then addressed the statute of limitations argument and concluded that the statute of limitations in the underlying claim by the plaintiff did not apply to the contribution claim brought by Missoula County against the State. In this situation, "an existing defendant should not be prevented from obtaining contribution from a non-settling party." *Linder*, 824 P.2d at 1007-08.

We distinguished *Linder* from *Deere* and *Sprinkle* because the plaintiffs in *Linder* did not settle with either defendant. We

9

conclude that the rule set forth in *Sprinkle* applies to the facts of this case.

The relevant statutory language interpreted in *Deere*, *Sprinkle*, and *Linder* remained unchanged by the Legislature's 1995 amendment in Senate Bill 212. Therefore, we conclude that Crown Parts' reliance on public policy favoring settlement is not persuasive, and that because our decisions simply apply the plain statutory language of § 27-1-703, MCA, legislative history is irrelevant to our decision. *Dorn v. Board of Trustees* (1983), 203 Mont. 136, 144, 661 P.2d 426, 430.

We affirm the District Court's order and judgment granting Strong's motion for summary judgment based on our conclusion that Strong's was not a party against whom recovery is allowed pursuant to § 27-1-703, MCA.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

10

Justice W. William Leaphart, specially concurring.

I specially concur. The philosophy behind contribution among tortfeasors is one of promoting settlement. Our holdings in State ex rel. Deere & Co. v. District Court (1986), 224 Mont. 384, 730 P.2d 396 and Sprinkle v. Burlington Northern Railroad (1989), 236 Mont. 383, 769 P.2d 1261, and now the present case have so narrowed the circumstances under which a defendant can obtain contribution that, in the final analysis, we are discouraging settlement. In *Deere* we held that when defendant Deere settled with the plaintiff, Deere bought his peace and could not then be brought back into the litigation by means of a third party complaint from defendant Wade's Backhoe.

In *Sprinkle* we then held that when defendant 1 joins defendant 2 seeking contribution and then settles with the plaintiff, obtaining a release of all parties, defendant 2 is no longer a party "against whom recovery is allowed." Accordingly, defendant 1 can no longer pursue his contribution claim against defendant 2. Likewise, in the case at hand, defendant Crown Parts had a cross-claim for contribution pending against defendant Strong when Crown Parts settled with plaintiff Holmberg. The District Court not only approved the settlement but also specifically allowed Crown Parts to proceed with its cross-claim for contribution. The court then reversed itself when it granted Strong's motion for summary judgment on the theory that, as a consequence of the settlement, Strong was no longer a party "against whom recovery is allowed"

11

under § 27-1-703, MCA. Presumably Crown Parts will not again make the mistake of unilaterally settling with a plaintiff.

The next logical step in this progression is to take the *Deere* scenario a step further. Deere settled at a time when there were no claims for contribution pending against Deere. We held that Deere could not be brought back into the litigation after the fact; that is, after the settlement. What about a defendant who is subject to an outstanding claim for contribution at the time of settlement? Under our case law, there appears to be no reason why that defendant cannot circumvent the claim for contribution by unilaterally settling with the plaintiff in an amount less than his/her/its proportionate amount thereby rendering itself a party "against whom recovery is [not] allowed."

I am concerned that this line of authority seriously hinders the public policy considerations favoring contribution among tortfeasors by restricting contribution to situations where multiple defendants refuse to settle and force the plaintiff to go to trial. However, short of usurping the legislature's prerogative and rewriting § 27-1-703, MCA, I can think of no viable alternatives. Accordingly, I reluctantly and specially concur in the result.

_W. William Leaphart_
Justice

12