JUSTICE LEAPHART,
specially concurring.
I specially concur. The philosophy behind contribution among tortfeasors is one of promoting settlement. Our holdings in State ex rel. Deere & Co. v. District Court (1986), 224 Mont. 384, 730 P.2d 396 and Sprinkle v. Burlington Northern Railroad (1989), 236 Mont. 383, 769 P.2d 1261, and now the present case have so narrowed the circumstances under which a defendant can obtain contribution that, in the final analysis, we are discouraging settlement. In Deere we held that when defendant Deere settled with the plaintiff, Deere bought his peace and could not then be brought back into the litigation by means of a third party complaint from defendant Wade’s Backhoe.
In Sprinkle we then held that when defendant 1 joins defendant 2 seeking contribution and then settles with the plaintiff, obtaining a release of all parties, defendant 2 is no longer a party “against whom recovery is allowed.” Accordingly, defendant 1 can no longer pursue his contribution claim against defendant 2. Likewise, in the case at hand, defendant Crown Parts had a cross-claim for contribution pending against defendant Strong when Crown Parts settled with plaintiff Holmberg. The District Court not only approved the settlement but also specifically allowed Crown Parts to proceed with its cross-claim for contribution. The court then reversed itself when it granted Strong’s motion for summary judgment on the theory that, as a consequence of the settlement, Strong was no longer a party “against whom recovery is allowed” under § 27-1-703, MCA. Presumably Crown Parts will not again make the mistake of unilaterally settling with a plaintiff.
The next logical step in this progression is to take the Deere scenario a step further. Deere settled at a time when there were no claims for contribution pending against Deere. We held that Deere could not be brought back into the litigation after the fact; that is, after the settlement. What about a defendant who is subject to an outstanding claim for contribution at the time of settlement? Under *109 our case law, there appears to be no reason why that defendant cannot circumvent the claim for contribution by unilaterally settling with the plaintiff in an amount less than his/her/its proportionate amount thereby rendering itself a party “against whom recovery is [not] allowed.”
I am concerned that this line of authority seriously hinders the public policy considerations favoring contribution among tortfeasors by restricting contribution to situations where multiple defendants refuse to settle and force the plaintiff to go to trial. However, short of usurping the legislature’s prerogative and rewriting § 27-1-703, MCA, I can think of no viable alternatives. Accordingly, I reluctantly and specially concur in the result.